```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


FRANKIE L. SMITH,

              Plaintiff,

vs.                                 Case No.  2:04-cv-176-FtM-29SPC

UNITED STATES OF AMERICA,

              Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the following three motions: (1) petitioner's Motion Under Federal Rule of Civil Procedure 60(b) (Doc. #63); (2) petitioner's Motion for Breach of Plea Agreement (Doc. #68); and (3) petitioner's Motion for Breach of Plea Agreement (Doc. #70).

The Court denied petitioner's § 2255 motion in an Opinion and Order (Doc. #42), filed on September 6, 2005. One day less than one year later[1], petitioner sought reconsideration pursuant to FED. R. CIV. P. 60(b)(3) based upon fraud, misrepresentation, or other misconduct of his former attorney in the underlying criminal case. Petitioner alleges that his former attorney committed perjury at the evidentiary hearing granted in the § 2255 proceeding. To

---

[1]Under the mailbox rule, the Court will deem the motion filed on the date signed, which appears to be the day given to prison authorities to mail.

obtain relief under Rule 60(b)(3), petitioner must prove by clear and convincing evidence that the adverse party obtained the judgment or order through fraud, misrepresentations, or other misconduct. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Additionally, petitioner must show that the conduct prevented him from fully and fairly presenting his case. Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). After carefully reviewing the file, the Court finds that petitioner has not proven by clear and convincing evidence that there was any fraud or misrepresentations on the court or that the conduct prevented petitioner from fully and fairly presenting his case during the § 2255 proceedings. Therefore, the motion will be denied.

Petitioner's Motion for Breach of Plea Agreement (Doc. #68) is identical to petitioner's Motion for Breach of Plea Agreement (Doc. #70), except that it is missing pages. Therefore Petitioner's Motion for Breach of Plea Agreement (Doc. #68) will be denied as moot.

Petitioner's Motion for Breach of Plea Agreement (Doc. #70) is identical to the Breach of Plea Agreement (Cr. Doc. #306) filed in the underlying criminal case. Petitioner's Motion for Breach of Plea Agreement (Doc. #70) is simply an attempt to file a second or successive § 2255 motion. Such petitioner has not received permission from the Court of Appeals to file such a second or

successive motion, the district court has no jurisdiction over the motion.

Accordingly, it is now

**ORDERED:**

(1) Petitioner's Motion Under Federal Rule of Civil Procedure 60(b) (Doc. #63) is **DENIED**.

(2) Petitioner's Motion for Breach of Plea Agreement (Doc. #68) is **DENIED** as moot.

(3) Petitioner's Motion for Breach of Plea Agreement (Doc. #70) **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of February, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Frankie L. Smith
Court of Appeals